UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| ILYA DEMPSEY, Plaintiff, v. CINA FORGASON, individually; FORT LAMAR, LLC; and GROVES ALEXANDER GROUP, LLC, Defendants. | ) | C/A No.: 2:26-cv-03870-BHH<br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

Plaintiff, Ilya Dempsey ("Dempsey"), through his undersigned counsel, complaining of the acts of Defendants Cina Forgason, individually, ("Forgason"); Fort Lamar, LLC ("Fort Lamar"); and Groves-Alexander Group, LLC ("Groves-Alexander") (Forgason, Fort Lamar, and Groves-Alexander collectively "Defendants"), alleges as follows:

**NATURE OF CLAIM**

1. This action is brought for unpaid minimum wages, unpaid overtime wages, liquidated damages, prejudgment interest, attorneys' fees and costs, and for other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"), arising from Defendants' misclassification of Dempsey as an independent contractor and their resulting failure to pay him the minimum wage and overtime compensation to which he was entitled as a non-exempt employee. This action is also brought for Defendants' failure to pay and withhold employer contributions for Social Security and Medicare as required of an employer under the Federal Insurance Contributions Act, 26 U.S.C. § 3101, et seq. ("FICA").

**PARTIES, JURISDICTION, and VENUE**

2. Dempsey realleges each and every allegation contained in Paragraph 1 as if

repeated here verbatim.

3. Dempsey is a citizen and resident of Charleston County, State of South Carolina.

4. Fort Lamar is a Texas limited liability company maintaining offices and agents in Charleston County, State of South Carolina, and otherwise doing business in Charleston County, State of South Carolina. Fort Lamar owns and/or operates the historic estate located at 1687 Fort Lamar Road, Charleston, South Carolina, where Dempsey performed a substantial portion of his work.

5. Upon information and belief, Forgason is a citizen and resident of the State of Texas and is the sole owner and member of Fort Lamar. Forgason exercises operational control over Fort Lamar; she has the authority to set the wages and pay for Dempsey and determines whether he is paid for all hours worked; and, therefore, Forgason is individually liable to Dempsey.

6. Upon information and belief, Groves-Alexander is a limited liability company organized and existing under the laws of the State of Texas, and an entity owned or controlled by Forgason, that participated in the employment of Dempsey by, among other things, transmitting employment paperwork and processing wage payments to Dempsey on behalf of Defendants.

7. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 based upon Dempsey's claims under the FLSA.

8. Venue in this District and in this Division is appropriate pursuant to 28 U.S.C. § 1391(b)(2) and 1391(c), as a substantial part of the events giving rise to the claims herein occurred in this Division, Defendants have extensive and deliberate contacts in this Division, and the property at which Dempsey performed a substantial portion of his work is located in this Division.

9. Based upon the above, jurisdiction and venue are proper in this court and division.

10. The work and pay records of Dempsey are in the possession, custody, and/or control

of Defendants, and Defendants are under a duty, pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor, to maintain and preserve such payroll and other employment records from which the amount of Defendants' liability can be ascertained. Dempsey requests an order of this Court requiring Defendants to preserve such records during the pendency of this action.

**FACTS**

11. Dempsey realleges each and every allegation contained in Paragraphs 1 through 10 as if repeated here verbatim.

12. Defendants own and/or operate the Fort Lamar estate located at 1687 Fort Lamar Road, Charleston, South Carolina, and other residential and ranch properties in Texas and Pennsylvania.

13. Forgason is the sole owner and member of Fort Lamar. In this capacity, she exercises operational control over all aspects of Dempsey's work; she has the authority to hire and fire Dempsey, to set his wages and schedule, to direct his work product, and to determine whether he would be compensated for all hours worked. Forgason is therefore individually liable to Dempsey.

14. Defendants engaged Dempsey beginning in December 2018, and the relationship continued through August 18, 2025 (the "Time Period").

15. Throughout the Time Period, Defendants classified Dempsey as an independent contractor.

16. As a matter of economic reality, Dempsey was an employee of Defendants, not an independent contractor, for the following reasons:

a. Control: Forgason controlled all aspects of Dempsey's work. She directed

his schedule and daily activities, required him to submit weekly reports of all activities, required him to obtain her approval before writing checks or authorizing transactions above a nominal amount, dictated rules governing the property and access by guests, monitored Dempsey's location through an employer-provided vehicle, and personally set the terms and conditions of his engagement, including his compensation, deductions, and behavioral requirements.

b. No Opportunity for Profit or Loss: Dempsey had no opportunity for profit or loss based on his own managerial skill or business judgment. He was paid a fixed monthly salary set entirely by Forgason, and he could not increase or decrease his earnings through any independent entrepreneurial effort.

c. No Independent Investment: All tools, housing, and transportation used by Dempsey in the performance of his duties were provided by Defendants. Dempsey made no capital investment in any equipment, materials, or facilities of his own.

d. Permanence: Dempsey worked exclusively for Defendants on a continuous, full-time basis for over six years. He maintained no independent business, had no other clients, and had no ability to delegate or subcontract his work.

e. Integral Services: Dempsey's services were integral to Defendants' operation. He managed all day-to-day operations of the Fort Lamar estate, oversaw Defendants' residential and ranch properties in Texas and Pennsylvania, managed insurance portfolios across multiple states, supervised staff, coordinated events, oversaw construction projects, handled the Fort Lamar LLC bank account, and performed personal assistant and executive functions for Forgason.

17. Forgason herself, in her own written correspondence, used the words "employ,"

"employment," and "salary" to describe her relationship with Dempsey.

18. On or around May and June 2024, Forgason's administrative office, Groves-Alexander, transmitted W-4 and I-9 employment forms to Dempsey for completion and stated to Dempsey that these forms were needed "in order to set you up on payroll," with a planned payroll start date of June 15, 2024.

19. In her own written correspondence, Forgason acknowledged: "I still am not paying you properly as required for you to receive social security," attributing this noncompliance to Dempsey's failure to return payroll forms to her office. This statement constitutes an admission by Forgason that she was not complying with applicable employment tax and payroll obligations with respect to Dempsey.

20. Dempsey's duties during the Time Period included, without limitation: oversight, care, and maintenance of the Fort Lamar estate; chauffeuring Forgason and guests locally, nationally, and internationally; management of Forgason's insurance portfolios across multiple states and properties; oversight of construction and landscaping projects; management of household staff; coordination of events, including weddings held on the property; management of the Fort Lamar LLC bank account; oversight of Defendants' residential properties in San Antonio, Texas and Sisterdale, Texas, and a farmhouse in Pennsylvania; vendor and contractor negotiations; technology and security systems management; and personal assistant and executive functions for Forgason.

21. Throughout the Time Period, Defendants paid Dempsey a monthly gross amount of approximately Three Thousand and 00/100 Dollars ($3,000.00), from which Defendants deducted One Thousand Five Hundred and 00/100 Dollars ($1,500.00) per month for employer-required on-property housing and Four Hundred and 00/100 Dollars ($400.00) per month for an

employer-provided vehicle used predominantly for work duties. These deductions were made without proper written authorization and without compliance with applicable FLSA standards governing credits toward the minimum wage.

22. The scope, breadth, and nature of Dempsey's duties required him to work well in excess of forty (40) hours per week throughout substantial portions of the Time Period.

23. Defendants did not pay Dempsey any overtime wages for hours worked in excess of forty (40) hours in any workweek during the Time Period.

24. Defendants have no good faith reason for misclassifying Dempsey as an independent contractor or for failing to pay him the minimum wage and overtime wages to which he was entitled.

25. Defendants' actions in misclassifying Dempsey, failing to pay minimum wages, and failing to pay overtime were either willful violations of the FLSA or were taken with reckless disregard for Defendants' obligations under the FLSA and the rights of Dempsey.

**FOR A FIRST CAUSE OF ACTION**
**(Violation of Fair Labor Standards Act, 29 U.S.C. § 206**
**Misclassification as Independent Contractor / Failure to Pay Minimum Wage)**

26. Dempsey realleges each and every allegation contained in Paragraphs 1 through 25 as if repeated here verbatim.

27. At all times relevant to this Complaint, Defendants engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r) and 203(s).

28. Dempsey was employed in domestic service in one or more households within the meaning of 29 U.S.C. § 206(f), and his employment affects commerce. Alternatively, Dempsey worked in interstate commerce so as to fall within the protection of the FLSA.

29. The business of Defendants was and is an enterprise engaged in commerce as

defined by 29 U.S.C. § 203(s)(1) and, as such, Defendants are subject to, and covered by, the FLSA.

30. The FLSA, 29 U.S.C. § 203(d), defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." Forgason, as the owner, sole member, and operational controller of Fort Lamar, meets this definition and is an employer individually liable to Dempsey.

31. The FLSA, 29 U.S.C. § 206(a), requires employers to pay non-exempt employees a minimum wage of Seven and 25/100 Dollars ($7.25) per hour.

32. Throughout the Time Period, Defendants misclassified Dempsey as an independent contractor when, as a matter of economic reality under the FLSA, Dempsey was an employee. As such, Defendants failed to ensure that Dempsey's compensation met the minimum wage requirements of the FLSA.

33. When the unauthorized deductions taken by Defendants for housing and the employer-provided vehicle are excluded from the wage calculation, or when Dempsey's total compensation is divided by the actual number of hours he worked during any given workweek, his effective hourly rate of pay fell below the minimum wage of Seven and 25/100 Dollars ($7.25) per hour required by 29 U.S.C. § 206.

34. Defendants have violated the FLSA, 29 U.S.C. § 206, by failing to pay Dempsey the minimum wage for all hours worked during the Time Period, either as a willful violation of the FLSA or in reckless disregard of the FLSA and the rights of Dempsey.

35. As such, Dempsey seeks to recover from Defendants the following damages:

a. actual damages in the amount of minimum wages due for a three-year period;

b. liquidated damages of an equal amount;

c. prejudgment interest;

d. reasonable attorneys' fees and all costs of this action; and

e. an order requiring Defendants to change their compensation policies and practices to comply with the FLSA.

**FOR A SECOND CAUSE OF ACTION**
**(Violation of Fair Labor Standards Act, 29 U.S.C. § 207**
**Failure to Pay Overtime Wages)**

36. Dempsey realleges each and every allegation contained in Paragraphs 1 through 35 as if repeated here verbatim.

37. At all times pertinent to this Complaint, Defendants engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r) and 203(s).

38. At all times relevant to this Complaint, upon information and belief, Defendants' annual gross volume of sales made or business done was not less than Five Hundred Thousand and 00/100 Dollars ($500,000.00). Alternatively, Dempsey worked in interstate commerce so as to fall within the protection of the FLSA.

39. The business of Defendants was and is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1) and, as such, Defendants are subject to, and covered by, the Fair Labor Standards Act.

40. Pursuant to the terms of the FLSA, 29 U.S.C. § 207, an employer must pay a non-exempt employee time and a half for all hours worked over forty (40) hours in a workweek.

41. Throughout substantial portions of the Time Period, Dempsey regularly worked in excess of forty (40) hours per workweek as a result of the extensive, multi-state, and on-call nature of his duties for Defendants.

42. Defendants paid Dempsey no overtime wages for any of the hours he worked in excess of forty (40) hours per workweek during the Time Period.

43. Defendants have violated the FLSA, 29 U.S.C. § 207, by failing to pay Dempsey overtime compensation for all hours worked in excess of forty (40) hours in a workweek.

44. Defendants have no good faith reason for not paying Dempsey for all overtime hours worked.

45. Defendants' actions were either willful or in reckless disregard of their obligations under the FLSA.

46. As such, Dempsey seeks to recover from Defendants the following damages:

a. actual damages in the amount of overtime wages due;

b. liquidated damages of an equal amount;

c. prejudgment interest;

d. reasonable attorneys' fees and all costs of this action; and

e. an order requiring Defendants to change their compensation policies and practices to comply with the FLSA.

**<u>FOR A THIRD CAUSE OF ACTION</u>**
**(Failure to Pay and Withhold Employer Contributions for Social Security and Medicare, 26 U.S.C. § 3101, et seq.)**

47. Dempsey realleges each and every allegation contained in Paragraphs 1 through 46 as if repeated here verbatim.

48. At all times relevant to this Complaint, Dempsey was an employee of Defendants within the meaning of the Federal Insurance Contributions Act, 26 U.S.C. § 3101, et seq. ("FICA"), and Defendants were his employer.

49. FICA, 26 U.S.C. § 3101, imposes on the income of every individual a tax with

respect to employment to fund old-age, survivors, and disability insurance and hospital insurance, commonly known as Social Security and Medicare.

50. FICA, 26 U.S.C. § 3102(a), requires that the tax imposed by 26 U.S.C. § 3101 "shall be collected by the employer of the taxpayer, by deducting the amount of the tax from the wages as and when paid," and 26 U.S.C. § 3102(b) provides that every employer required to deduct the tax "shall be liable for the payment of such tax."

51. FICA, 26 U.S.C. § 3111, further imposes on every employer an excise tax, with respect to having individuals in its employ, to fund old-age, survivors, and disability insurance and hospital insurance.

52. As Dempsey's employer, Defendants were required to withhold and remit the employee's share of Social Security and Medicare taxes from Dempsey's wages and to pay the employer's share of Social Security and Medicare taxes with respect to Dempsey's employment.

53. Throughout the Time Period, Defendants failed to withhold, pay, or remit the employer and employee contributions for Social Security and Medicare required with respect to Dempsey's employment.

54. Defendants' misclassification of Dempsey as an independent contractor, and their failure to place Dempsey on payroll, were undertaken to avoid Defendants' employment tax obligations, including their obligations under FICA.

55. In her own written correspondence, Forgason expressly admitted: "I still am not paying you properly as required for you to receive social security." This statement constitutes an admission by Forgason that Defendants were not complying with their obligations to fund Dempsey's Social Security benefits as required of an employer.

56. As a direct and proximate result of Defendants' failure to withhold, pay, and remit

the required Social Security and Medicare contributions, Dempsey has been damaged, including through the impairment of his Social Security and Medicare earnings records and benefits and the imposition upon him of tax liabilities that were the responsibility of Defendants as his employer.

57. As such, Dempsey seeks to recover from Defendants the actual damages caused by Defendants' failure to pay and withhold the required Social Security and Medicare contributions, together with an order requiring Defendants to properly report and remit all contributions owed with respect to Dempsey's employment, and such other relief as the Court deems just and proper.

WHEREFORE, having fully set forth his allegations against Defendants, Dempsey respectfully requests that the Court enter judgment for the following relief:

a. An order declaring that Defendants have violated the FLSA by misclassifying Dempsey as an independent contractor and by failing to pay him the minimum wage and overtime compensation to which he was entitled;

b. An order prohibiting Defendants from violating the FLSA in the future;

c. Actual damages in the amount of minimum wages due;

d. Actual damages in the amount of overtime wages due;

e. Liquidated damages equal to the amount of unpaid minimum wages and unpaid overtime wages;

f. Prejudgment interest on all unpaid minimum wages and unpaid overtime wages;

g. Actual damages caused by Defendants' failure to pay and withhold the employer and employee contributions for Social Security and Medicare required with respect to Dempsey's employment, together with an order requiring Defendants to properly report and remit all such contributions owed;

h. Reasonable attorneys' fees and costs;

i. Injunctive relief ordering Defendants to amend their wage and hour policies to comply with applicable federal laws; and

j. Such further relief as the Court deems just and proper.

Dempsey requests a trial by jury.

s/Bruce E. Miller
Bruce E. Miller (Fed. Bar No. 3393)
Bruce E. Miller, P.A.
1459 Stuart Engals Blvd., Suite 202
Mount Pleasant, SC 29464
T: 843.579.7373
F: 843.614.6417
bmiller@brucemillerlaw.com

**ATTORNEY FOR ILYA DEMPSEY**

MOUNT PLEASANT, SC
September 2, 2026